## Minor Female Employes

BARD, Attorney General, September 19, 1938.—We have the request of Hon. James S. Arnold, Secretary of the Industrial Board, Department of Labor and Industry, asking for an opinion as to whether female minors under the age of 18 years are subject to the hour provisions of the Women's Labor Law or to the provisions of the Child Labor Law.

Section 3 of the Women's Labor Law of July 25, 1913, P. L. 1024, as last amended by the Act of June 4, 1937, P. L. 1547, provides as follows:

"Except as hereinafter provided, no female shall be employed or permitted to work in, or in connection with, any establishment for more than five and one-half days in any one week or more than forty-four hours in any one week, or more than eight hours in any one day: Provided, That one day of rest may be subdivided into two days of twelve hours each for women employes in hotels, boarding-houses, and in charitable, educational

and religious institutions, at the discretion of the Department of Labor and Industry, with the approval of the Industrial Board."

Section 4 of the Child Labor Law of May 13, 1915, P. L. 286, as amended by the Act of July 19, 1935, P. L. 1335, provides in part as follows:

"No minor under eighteen years of age shall be employed or permitted to work in, about, or in connection with any establishment, or in any occupation, for more than six consecutive days in any one week, or more than forty-four hours in any one week, or more than eight hours in any one day except messenger boys employed by telegraph companies at offices where only one such minor is employed as a messenger in which case such minor shall not be employed for more than six consecutive days in any one week, or more than fifty-one hours in any one week, or more than nine hours in any one day."

It is to be noted that the provisions of the Act of 1937, above cited, are general in their operation, with certain exceptions expressed in the act, none of which is material here.

Where there is a repugnancy between two laws passed at different sessions of the legislature, the law latest in date of final enactment shall prevail: section 66 of the Statutory Construction Act of May 28, 1937, P. L. 1019. Applying the statutory rule of construction to the facts here, the directions of the Act of 1937 supersede such provisions of the Act of 1915, as amended, supra, as are irreconcilable therewith.

Furthermore, it is not to be presumed that the legislature intended that a female of 21 years of age might lawfully be employed for no more than five and one-half days in one week, while a female minor of the age of 17 years could lawfully be employed for six days in the same period; particularly in view of the history of child labor legislation in Pennsylvania which has ever manifested a settled policy to limit the hours of employment of minors to periods less than those allowed to adults.

These considerations lead us to the opinion, and we so advise you, that insofar as the employment of female minors is concerned, the Act of 1937, above cited, prevails. The other provisions of the Child Labor Law relating to conditions of employment, certificates, etc., are unaffected by the Act of 1937.